REVISED May 22, 2008

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-50684
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES LOUIS JONES, JR, also known as Charles Louis Jones

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-66-1

Before GARWOOD, WIENER and GARZA, Circuit Judges.

PER CURIAM:[*]

Appellant Charles Louis Jones, Jr. was convicted of conspiracy, from on or about March 1, 2004 to on or about March 5, 2004, to distribute five grams or more of crack cocaine, and of possessing with intent to distribute five grams or more of crack cocaine on or about March 5, 2004. He was acquitted of possessing a firearm during and in relation to those offenses (18 U.S.C. § 924(c)(1)). He was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced to concurrent terms of 82 months' imprisonment to be followed by concurrent four terms of supervised release on each count of conviction. No fine or restitution was imposed.

Jones now appeals his conspiracy conviction, contending that the evidence is not sufficient to show that he conspired (he makes no challenge to his possession with intent to distribute conviction). Jones made a FED. R. CRIM. P. Rule 29 motion when the Government rested, but (as he admits) he thereafter presented evidence (his own testimony and that of another witness) and never renewed his Rule 29 motion. Accordingly, he must show that his conviction resulted in a manifest miscarriage of justice. United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994).

Jones admitted that he had provided Lopez with crack cocaine in the past and intended to provide her with more crack cocaine on the day that he was arrested. Lopez's testimony, which the jury apparently found to be credible, reflected that Jones fronted her drugs which she sold to third parties. Lopez testified that her roommate was also involved in the sales. A jury's credibility determinations must be accepted unless a witness's testimony is incredible or patently unbelievable. The record is not devoid of evidence that Jones was involved in a conspiracy to distribute drugs. His conviction on the conspiracy count is affirmed. United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc).

Jones also argues that the district court violated his Sixth Amendment sentencing rights in light of the holding in United States v. Booker, 543 U.S. 296 (2005). He further argues that the district court erred in enhancing his offense level based on his having a leadership role in the criminal activity and in denying him a reduction of his offense level based on the acceptance of responsibility.[1]

---

[1] Jones was sentenced in the latter part of 2004, and the case is now before us on an out-of-time appeal granted in a § 2255 proceeding on the basis of ineffective assistance of

The Government concedes that Jones's Blakely v. Washington, 124 s.Ct. 2531 (2004), objections below preserved his Booker rights (and rights under United States v. Fanfan) on appeal and that he properly preserved his role in the offense and acceptance responsibility complaints. The Government also concedes that it cannot demonstrate that the district court would have imposed the same sentence under an advisory guidelines system and, thus, cannot show that the Sixth Amendment error was harmless. The Government requests that the case be remanded for resentencing.

Because the Government concedes that it can not show harmless error, Jones's sentence is vacated and the case is remanded to the district court for resentencing. United States v. Mares, 402 F.3d 511, 520 n.9 (5th Cir. 2005). The court need not address Jones's other sentencing arguments because it is within the discretion of the district court to determine whether to impose the same sentence with the identical enhancements. See United States v. Akpan, 407 F.3d 360, 377 n. 62 (5th Cir. 2005).

CONVICTION ON EACH COUNT AFFIRMED; SENTENCE ON EACH COUNT VACATED; REMANDED FOR RESENTENCING ON EACH COUNT.

---

counsel in respect to failure to appeal the 2004 judgment.

The district court in sentencing Jones calculated his base offense level at 28 – which included two levels assessed for leadership role and no deduction for acceptance of responsibility (to each of which rulings Jones objected) – and his criminal history level at I, producing a guideline range of 78-97 months. Had either one of Jones's said objections been sustained his guideline range would have been 63-78 months. Jones also objected below to his sentencing under Blakely v. Washington, 124 S.Ct. 2531 (2004).

Jones concedes that the applicable guideline range in respect to the possession with intent to distribute count would not be affected were his conspiracy conviction set aside.